

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:01-CR-139(1)** |
| | § | |
| | § | |
| **DUSTIN KURT TERRO** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e).  The United States

alleges that Defendant, Dustin Kurt Terro, violated conditions of supervised release imposed by

United States District Judge Richard A. Schell of the Eastern District of Texas.  The Government

filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the

revocation of Defendant's supervised release.  The Court conducted a hearing on April 20, 2005,

in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1.  Defendant was present

-1-

and represented by counsel at the hearing.  Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.     That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.     That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On June 26, 2002, The Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession of with intent to distribute 1 gram or more of Lysergic Acid Deithylamide (LSD), a Class B felony. Judge Schell sentenced Defendant to thirty-seven (37) months imprisonment to be followed by a four (4) year term of supervised release.  The imposed term of supervision was subject to the standard conditions of release plus special conditions to include drug aftercare; the defendant shall participate in any combination of psychiatric, psychological or mental health treatment, as directed

by the probation officer, until such time as defendant is released from the program by the probation officer; and a $100 special assessment.  On February 5, 2004, Dustin Terro completed his period of imprisonment and began service of the supervision term.

### B.  Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

> *The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.*

Specifically, Mr. Terro failed to attend his individual drug counseling session on or about December 22, 2004; February 22, 2005; and March 10, 2005.

### C.  Evidence presented at Hearing:

At the hearing, the government proffered the following evidence as its factual basis for the allegations set out *supra*.  The government would present the sworn testimony of Jodi Lyn Simon, a licensed professional counselor who treated Mr. Terro.  She would testify that Defendant did not attend his drug counseling sessions on December 22, 2004; February 22, 2005 and March 10; 2005, as required.  She would also state that Mr. Terro is excessively absent and late for his individual counseling sessions.

Defendant, Dustin Kurt Terro, did not object to the evidence and offered a plea of true to the allegations.  Specifically, Mr. Terro pled true to the allegation that he failed to attend his drug counseling sessions, a component of his program of testing and treatment for drug abuse, as directed.

**D.  Sentencing Guidelines and Findings**

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by failing to participate in a program of testing and treatment for drug abuse as directed.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke Defendant's  supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Mr. Terro's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from three (3) to nine (9) months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three (3) years.  *See* 18 U.S.C. § 3583(e)(3).

The Court may also require that Defendant be placed on supervision after imprisonment for his revocation.  18 U.S.C. § 3583(h).  The length of the supervision term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  The authorized term of supervised release for Mr.  Terro's conduct is therefore not more than five (5) years.

**E. Consent and Waiver**

Defendant was admonished of his rights pursuant to Federal Rules of Criminal Procedure 11 and 32(I)(4).  Defendant voluntarily, freely and knowingly:

(1)  consented to revocation of his supervisory release;

(2)  consented to the sentence recommended by the Magistrate Judge;

(3)  waived his right to be present and speak, and his right to have counsel present and speak, before the District Judge imposes the recommended sentence; and

(4)  consented to allocution before the undersigned United States Magistrate.

## <u>RECOMMENDATION AND FINDINGS OF THE MAGISTRATE</u>

The Court factually finds by a preponderance of the evidence presented that Defendant Dustin Terro violated terms of his supervision by failing to participate in a program of testing and treatment for drug abuse, as directed by the probation officer, a Grade C violation. *See* U.S.S.G. § 7B1.1(a).  The federal sentencing guidelines are advisory in nature, but the Court may consider them, along with the facts of the proceeding, in reaching its decision on the appropriate sentence for Defendant's revocation.

Therefore, based upon the factors and evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true of Defendant and revoke Defendant's supervised release.  Accordingly, based on Defendant's plea of true and the evidence presented, the undersigned magistrate recommends that the District Court order Defendant to serve a term of four (4) months imprisonment.

Pursuant to the evidence and argument presented at the revocation hearing, the undersigned also recommends that the District Court order Mr. Terro to serve a new fifteen (15) month term of supervised release following his imprisonment. Upon his release from imprisonment, Mr. Terro should report to the United States Probation Office within seventy-two (72) hours to serve the supervision term.  The term of supervision should be subject to the standard conditions and special conditions previously imposed by Judge Schell. Pursuant to the agreement of the parties, the

supervision term will also include the special conditions of thirty (30) days inpatient drug treatment and two (2) months in a halfway house. These conditions were also as stated in the record at the hearing and made part of Defendant's waiver and consent to allocution before the Court.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of April, 2005.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE